**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| ELI CHARFAUROS QUINTANILLA, | CIVIL CASE NO. 22-00012 |
| Plaintiff, | |
| vs. | **ORDER** |
| HONORABLE JUDGE ELYZE M. IRIARTE; ATTORNEY JAY ARRIOLA; and ATTORNEY GENERAL, | |
| Defendants. | |

Before the court is Plaintiff Eli Charfauros Quintanilla's Petition for Writ of Habeas Corpus. ECF No 3. For the foregoing reasons, the court **DENIES** the Petition.

I.      **Discussion**

On May 11, 2022, Quintanilla filed an Affidavit of Indigency and Request for Counsel addressed to the Ninth Circuit Court of Appeals. ECF No. 1. On May 18, 2022, Magistrate Judge Bordallo informed Quintanilla that he must either file a petition of habeas corpus with this court on a court approved form, or must appeal his convicted to the Supreme Court of Guam. ECF No. 2. On June 6, 2022, Quintanilla filed the instant Petition related to Superior Court of Guam case number CF0544-17. Pet. at 1, ECF No. 3.

Section 2244(d)(1) contains a one-year statute of limitations which requires a state prisoner seeking relief under § 2254 to file a petition for writ of habeas corpus on the latest of the four following dates:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

Here, Superior Court of Guam case number CF0544-17 is expunged. Courts deny habeas petitions as moot when records have been expunged. *Porter v. Salazar*, 2016 WL 7212800, at *2 (E.D. Cal. Dec. 12, 2016); *see also Khranyan v. U.S. Bureau of Prisons*, 2014 WL 470208, at *2 (C.D. Cal. Feb. 6, 2014). Thus, the court finds that Quintanilla's Petition is **MOOT**.

**II.    Conclusion**

For the aforementioned reasons, the court **DENIES** the Petition as **MOOT**.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Sep 12, 2022**